IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **DAVID SIGURDSON**, *et al.*, § | |
| § | |
| Plaintiffs, § | |
| v. § | **CIVIL ACTION NO. H-04-03429** |
| § | |
| **FORD MOTOR COMPANY** § | |
| **(DELAWARE CORPORATION)** § | |
| § | |
| Defendant. § | |

## MEMORANDUM AND ORDER

Pending before the Court are Defendant's Motion for Summary Judgment (Docket # 36) and Defendant's Motion for Sanctions (Docket # 37). For the following reasons, Defendant's Motion for Summary Judgment is **GRANTED**, and Defendant's Motion for Sanctions is **DENIED**.

**I. Background**

This is a product liability action arising from the death of Kathryn Sigurdson. On July 22, 2002, Ms. Sigurdson was driving her 1996 Ford Explorer when she left a driveway and struck a tree, causing the vehicle's driver and passenger airbags to deploy. Ms. Sigurdson suffered a number of severe injuries, including the cracking of the entire base of her skull, the dislocation of her C1 vertebrae, and the breaking of her sternum, three ribs, nose and other facial bones, and left clavicle. Additionally, her neck, trachea, and left shoulder were severely abrased, and she suffered cuts and abrasions on other parts of her face, arms, and torso. Ms. Sigurdson was pronounced dead at the scene. Plaintiffs allege that Ms. Sigurdson was traveling between twelve and twenty miles per hour when she struck the tree, and that Ms. Sigurdson was wearing a seat belt at the time of the accident. An autopsy revealed that Ms. Sigurdson had a blood alcohol level of .33.

Plaintiffs subsequently filed this lawsuit, alleging strict liability, breach of warranty, and negligence. Plaintiffs contend that the airbag deployment system in Defendant's vehicle was unreasonably dangerous and defectively designed, manufactured, distributed, and marketed, and that Defendant expressly and impliedly warranted that its airbag deployment system was safe and fit for its intended purpose. Compl. ¶¶ 14-15, 20. Defendant filed this Motion for Summary Judgment on December 1, 2005, alleging that Plaintiffs have not properly disclosed any experts, and have failed to produce evidence showing that Defendant's vehicle was defective in design, manufacture, or marketing, or that a defect in the vehicle caused Ms. Sigurdson's injuries. Plaintiffs have not responded to Defendant's summary judgment motion, nor provided any evidence in support of their claims. Based on the record before it, the Court finds that summary judgment for Defendant is appropriate.

## II. Summary Judgment Standard

A motion for summary judgment under Federal Rule of Civil Procedure 56 requires the Court to determine whether the moving party is entitled to judgment as a matter of law, based on the evidence thus far presented. *See* Fed. R. Civ. P. 56(c). "Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Kee v. City of Rowlett*, 247 F.3d 206, 210 (5th Cir. 2001) (quotations omitted). A genuine issue of material facts exists if a reasonable jury could enter a verdict for the non-moving party. *Crawford v. Formosa Plastics Corp.*, 234 F.3d 899, 902 (5th Cir. 2000). The Court views all evidence in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Id*.

"[A] complete failure of proof concerning an essential element of [Plaintiffs'] case necessarily renders all other facts immaterial" and "mandates the entry of summary judgment" for Defendant. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). If Defendant shows that there is a lack of evidence to support Plaintiffs' case, Plaintiffs "must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Kee*, 247 F.3d at 210 (quotation omitted). Plaintiffs cannot satisfy this burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam).

## III. Analysis

As Defendant correctly points out, the fact that an injury occurred, standing alone, does not establish that a product was defective or that it caused the injury. Expert testimony is generally necessary to show that a product was defectively designed, manufactured, or marketed, and that the defect was causally related to an injury. *See Simien v. S.S. Kresge Co.*, 566 F.2d 551, 559 (5th Cir. 1978) (finding that "the fact of injury alone is not sufficient to impose liability on the seller of the product . . . [l]iability depends on substantial evidence that the product is unreasonably dangerous for its intended use"); *Nissan Motor Co. v. Armstrong*, 145 S.W. 3d 131, 137 (Tex. 2004) (requiring "competent expert testimony and objective proof" that a defect caused unintended acceleration in a vehicle); *Praytor v. Ford Motor Co.*, 97 S.W.3d 237, 241 (Tex. App.—Houston [14th Dist.] 2002, *no pet.*) (holding that expert testimony was required to show that airbag deployment had caused the plaintiff's sinusitis and asthma, as "[g]eneral experience and common sense do not enable a fair understanding of causation under these circumstances").

Here, the deadline for Plaintiffs to designate their testifying expert witnesses and provide preliminary reports and curriculum vitae, as required by Federal Rule of Civil Procedure 26(a)(2),

was October 6, 2005.  Plaintiffs and Defendant were to have presented their expert witnesses for deposition by December 15, 2005, and the discovery deadline in this case was January 2, 2006.  All of these deadlines have passed, and Plaintiffs have failed properly to designate expert testimony in support of their claims.  In their initial disclosures on October 26, 2004, Plaintiffs named Cam Cope as an expert on collision analysis, injury analysis, accident avoidance analysis, injury avoidance analysis, and accident causation analysis.  Although Plaintiffs stated that Mr. Cope's curriculum vitae and interim report were attached to their disclosures, Defendant indicated in a subsequent letter that it had not received them.  Plaintiffs have not come forward with any showing that they provided Defendant with Mr. Cope's curriculum vitae or preliminary report at any time.  More importantly, neither Mr. Cope nor any other expert has ever been deposed or offered findings as to any defect or to causation in this case.

Furthermore, even were expert testimony not essential, Plaintiffs have failed to present *any* evidence to support their claims.  In a product liability case like this one, Plaintiffs must establish the existence of both a defect and a causal relationship between the defect and their injuries.  *See, e.g.*, *Hyundai Motor Co. v. Rodriguez*, 995 S.W.2d 661, 665 (Tex. 1999).  Aside from the bare allegations of their Complaint, Plaintiffs have failed to produce even a scintilla of evidence to support either their strict liability or negligence claims.  In light of the complete absence of expert testimony or any other evidence as to the defective nature of Defendant's airbag deployment system or to the cause of Ms. Sigurdson's injuries, Defendant is entitled to summary judgment.

## IV. Motion for Sanctions

Contemporaneously with its summary judgment motion, Defendant moved for sanctions against Plaintiffs under Federal Rule of Civil Procedure 37(b).  Defendant alleges that Plaintiffs have failed to comply with the Court's Order of October 5, 2005 regarding examination of the

vehicle that Ms. Sigurdson was driving at the time of the accident. The Court's Order required Plaintiffs to respond to Defendant's request for approval of component removal protocols within seven days of the entry of the Order, and to produce the vehicle for disassembly within thirty days of the Order's entry. On November 11, 2005, Plaintiffs' counsel filed a motion to withdraw from the case, which the Court granted on November 14, 2005. Plaintiffs have offered no evidence to dispute their failure to comply with the Court's October 5th Order, either through their counsel prior to his withdrawal, or on their own behalf.

The Court notes its concern, both with former counsel's failure to comply with the Court's Order prior to his withdrawal from the case, and with Plaintiffs' lack of compliance with the Court's orders and procedures. As Plaintiffs are currently acting *pro se* and may be less familiar with the Federal Rules of Civil Procedure, however, the Court finds that the harshness of economic sanctions in not warranted here. Rather, dismissal of the case is a sufficient response to Plaintiffs' failure properly to conduct discovery relating to their claims.

**V. Conclusion**

Defendant's Motion for Summary Judgment is **GRANTED**, and the case is **DISMISSED WITH PREJUDICE**. Defendant's Motion for Sanctions is **DENIED**.

**IT IS SO ORDERED**.

**SIGNED** this 21st day of February, 2006.

*[signature]*

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**